Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MILENA M. HUGHES, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>ORION PORTFOLIO SERVICES II, LLC; TRIDENT ASSET MANAGEMENT, LLC; ANURAG SETT; CHITRALEKHA SETT; SUCHITRA VODDHI; TERESA MAUTZ; and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><u>**CLASS ACTION COMPLAINT**</u> |

Plaintiff, Milena M. Hughes, individually and on behalf of all other similarly situated, by way of Class Action Complaint against Defendants, Orion Portfolio Services II, LLC; Trident Asset Management, LLC; Anurag Sett; Chitralekha Sett; Suchitra Voddhi; Teresa Mautz (and John Does 1 to 10) states:

## I.  NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendants arising from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, by attempting to collect consumer debts without a license to do so under the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C-3, thereby misrepresenting the amount of the debt and attempting to collect amounts not permitted by law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III. PARTIES

5. Plaintiff, Milena M. Hughes ("Plaintiff"), is a natural person residing in Morris County, New Jersey.

6. Defendant, Orion Portfolio Services, II LLC ("OPS II"), is a debt buyer located at 10375 Old Alabama Road Connector, Suite 302, Alpharetta, Georgia, 30022, who purchases defaulted consumer debts for pennies on the dollar.

7. Defendant, Trident Asset Management, LLC ("TAM") is a collection agency with its principal place of address located at 10375 Old Alabama Road Connector, Suite 302, Alpharetta, Georgia, 30022.

8. Defendant, Anurag Sett, is a managing member of OPS II and TAM.

9. Defendant, Chitralekha Sett, is the managing member of TAM.

10. Defendant, Suchitra Voddhi, is the managing member of TAM.

11. Defendant, Teresa Mautz, is the manager of TAM.

12. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

13. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV. FACTS

A. **Corporate Background and Business Model**

14. Defendants are not in the business of extending credit, selling goods or services to consumers.

15. Defendants regularly collect or attempt to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

16. Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

17. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

B. **The Celtic Bank Account**

18. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from Celtic Bank ("Debt" or "Account").

19. The Debt is alleged to arise from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

20. Defendants contend that the Account is past-due and in default.

21. The Account was past-due and in default when it was purchased by Defendants for pennies on the dollar.

22. Upon default, a cause of action to enforce the Debt accrued.

23. Defendants later allegedly purchased a pool of defaulted consumer accounts, including Plaintiff's Account, for pennies on the dollar.

24. In an attempt to collect the Debt and on behalf of OPS II, TAM mailed a collection letter to Plaintiff on November 1, 2018 ("TAM Letter").

25. A true copy of the TAM Letter, but with redactions, is attached as *Exhibit A*.

26. On information and belief, the TAM Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

27. Plaintiff received and reviewed the TAM Letter.

C. **Unlawful Collection**

28. After allegedly purchasing the past-due and defaulted Account for pennies on the dollar, OPS II, either directly or through intermediate transactions, assigned, placed, or transferred the Account with TAM for collection.

29. The Account was assigned to TAM to collect the Debt.

30. The Account was past-due and in default when it was placed with or assigned to TAM for collection.

31. At all times relevant hereto, TAM acted on behalf of OPS II in an attempt to collect the Debt.

32. At all times relevant hereto, the acts and omissions of TAM were incidental to or taken within the scope of the responsibilities given and authorized by OPS II.

33. OPS II is not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.

34. During all times relevant to this action, OPS II was not licensed as a "sales finance company" or a "consumer lender" pursuant to the NJCFLA.

35. "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."

36. By purchasing and taking assignment of the accounts, OPS II acted as a "sales finance company" as defined at N.J. Stat. Ann. § 17:16C-1(f).

37. "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."

38. OPS II is not permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.

39. Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of Defendants, who were not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."

## V.    POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendants' policy and practice to send collection letters in an attempt to collect consumer debts without the license to do so under the NJCFLA.

41. Such practice is a deceptive collection ploy used to coerce and entice a least sophisticated consumer into making payments on an otherwise unenforceable debt.

42. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g.

## VI.    CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> **Class**: All natural persons with addresses within the State of New Jersey, to whom, from November 1, 2018 through the final resolution of this case, Defendants, sent one or more letters in an attempt to collect a consumer debt on behalf of Orion Portfolio Services II, LLC.

45. Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

46. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

47. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

    a. Whether Defendants are debt collectors under the FDCPA;

    b. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g;

    c. Whether Plaintiff and the class are entitled to statutory damages;

    d. Whether Plaintiff and the class are entitled to actual damages, including all amounts paid.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

49. Plaintiff's claims are typical of the claims of the members of the class.

50. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

51. Plaintiff does not have interests antagonistic to those of the class.

52. The class, of which Plaintiff is a member, are readily identifiable.

53. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

54. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

55. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII.   FIRST COUNT: VIOLATIONS OF THE FDCPA

56. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

57. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

58. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

59. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

60. The TAM Letter and the same or similar letters sent to numerous New Jersey consumers are "communications" as defined by 15 U.S.C. § 1692a(2).

61. By sending the above-described collection letters, Defendants violated sections 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g of the FDCPA.

62. The violations of the FDCPA described herein constitute *per se* violations.

63. Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Milena M. Hughes, on behalf of herself and others similarly situated, demands judgment against Defendants, Orion Portfolio Services, LLC; Trident Asset Management, LLC; Anurag Sett; Chitralekha Sett; Suchitra Voddhi; and Teresa Mautz as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                    KIM LAW FIRM LLC

                                                    *s/Yongmoon Kim*
                                                    Yongmoon Kim
Dated: November 1, 2019                 *Attorneys for Plaintiff and the Proposed Class*